## GENERAL COURT, (E. S.) SEPT. TERM, 1803.

### REID vs. WETHERED, and vs. GLEAVES.

Where general performance is pleaded in an action on a replevin bond, or any bond with a collateral condition, the original need not be produced, THESE were actions of debt upon a *replevin bond.* *General performances* were pleaded. *Replications* stating a writ of replevin prosecuted *out* of Kent county. Such plea being like a plea of payment to a bond for the payment of money,

ty court; that a judgment was rendered *de retorno habendo,* and for one penny damages, and costs, as by the record thereof from the county court produced. Rules rejoinder, and judgments by default. An inquiry at bar being demanded a jury was charged in both cases at once.

The plaintiff's attorney offered to read from the record so produced from Kent county court, *oyer* of the *replevin bond* upon which these suits were brought. To which the defendant's attorney objected.

BUT it was received by the court.

*First.* Because the original replevin bond is an office paper in the county court, taken and filed by the clerk who issued the writ of replevin.

*Secondly.* Because the plea of general performance to a bond with a collateral condition, is like that of payment to a bond for money; and on a writ of inquiry need not be produced where there is oyer of it in a record.